# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARLON BLACHER, | ) | 1:12-cv-01159 GSA PC |
|        Plaintiff, | ) ) ) | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON |
| v. | ) ) | WHICH RELIEF COULD BE GRANTED |
| S. JOHNSON, et al., | ) ) | |
|        Defendants. | ) ) | |

**I.     Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

**II.  Plaintiff's Claims**

   **A.  Summary of Complaint**

Plaintiff, currently housed at California State Prison Lancaster, brings this civil rights action against defendant correctional officials employed by the CDCR at Corcoran State Prison. Plaintiff names as defendants Chief Deputy Warden S. Johnson and Appeals Examiner R. Davis. Plaintiff's claim in this action stems from an unclothed body search.

Plaintiff alleges that while he was housed at Corcoran, he was assigned to work in the SHU kitchen. At the end of each workday, the inmates assigned to work in the kitchen were subjected to an unclothed body search before returning to their housing area. The searches were conducted by male correctional officers (C/Os). The area where the searches are conducted is located directly across from an open door where female C/Os are positioned. Plaintiff alleges that "many times, as plaintiff stood there naked during the search, plaintiff would be making direct eye contact with the female C.O.s, which would sometimes elicit a smirk or some other form of, seemingly condescending, response from a female C.O."

Plaintiff submitted an inmate grievance concerning the issue, indicating that the searches

violated CDCR policy that required searches to be conducted outside the view of others not conducting the searches.  Plaintiff alleges that the practice was never changed to conform with regulations, and therefore constituted an illegal search.

### B. Unclothed Body Search

Prisoners, despite their conviction and confinement, do not forfeit all constitutional rights. Bell v. Wolfish, 441 U.S. 520, 545 (1979).  Nevertheless, prisoner's constitutional rights are subject to substantial limitations and restrictions in order to allow prison officials to achieve legitimate correctional goals and maintain institutional security.  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987); Bell, 441 U.S. at 546-47.  While inmates have a right to be free from unreasonable search and seizure, the reasonableness of a particular search must be considered in the prison context.  Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988).

A prisoner's legitimate expectation of bodily privacy from persons of the opposite sex it extremely limited.  Jordan v. Gardner, 986 f.2d 1521, 1524 (9th Cir. 1993).  Although a prisoner has an interest in shielding his unclothed body from persons of the opposite sex, strip searches that involve frequent or casual observation by members of the opposite sex or where observation is from a distance do not unreasonably infringe upon the prisoner's privacy rights.  Michenfelder, 860 F.2d at 333-334.  Grummet v. Rushen, 779 F.2d 491 (9th Cir. 1985).  Plaintiff's allegations fail to demonstrate that any observation by members of the opposite sex are not restricted by distance or casual in nature and therefore fails to state a cognizable claim.  Grummet, 779 F.2d at 495-96.

### C. Sexual Harassment

Plaintiff alleges that the female C/Os "smirk," or exhibit "some form of condescending response."  Prisoners have an Eighth Amendment right to be free from sexual abuse by prison officials.  See Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000).   Although the Ninth Circuit has held that sexual harassment can constitute an Eighth Amendment violation, there must be physical contact.  Bowie v. California Dept. of Corrections, 99 F.3d 1145 (9th Cir. 1991), citing Jordan v. Gardner, 986 F.2d 1521 (9th Cir. 1993); Hernandez v. Denton, 861 F.2d 1421 (9th Cir.), cert. denied, 112 S.Ct. 75 (1991).  Here, Plaintiff alleges that unclothed body searches were conducted within view of female C/Os.  Plaintiff does not allege that any C/O sexually harassed him

in a way that involved physical contact.

**III.    Conclusion and Order**

Plaintiff's complaint does not state any cognizable claims under section 1983.  Plaintiff's claims arises from his allegation that the strip searches were conducted contrary to regulations that require them to be conducted outside the view of other correctional officers.  That the searches at issue violate regulations does not subject Defendants to liability for a constitutional violation.  Taking the facts of the complaint as true, the strip searches at issue do not violate the constitution.  Because the Court finds that this deficiency is not capable of being cured by amendment, the complaint should be dismissed without leave to amend.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, IT IS HEREBY ORDERED that this action is dismissed, with prejudice, for failure to state a claim.   The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **September 7, 2012**              /s/ Gary S. Austin
                                                                         UNITED STATES MAGISTRATE JUDGE