1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   MARLON BLACHER,                     )          1:12-cv-01159-GSA-PC
                                         )
12            Plaintiff,                 )          ORDER  DENYING  MOTION  FOR
                                         )          RECONSIDERATION
13       vs.                             )
                                         )
14   S. JOHNSON, et al.,                 )          (Doc. 8)
                                         )
15                                       )
              Defendants.                )
16   _____)

17   **I.    BACKGROUND**

18          Marlon Blacher ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action

19   pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on July 16, 2012. (Doc. 1.)  On July 30, 2012,

20   Plaintiff consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. §636(c), and no other

21   parties appeared in the action. (Doc. 5.)  Local Rule Appendix A(k)(3).

22          This action was dismissed on September 7, 2012, by the undersigned, based on Plaintiff's failure

23   to state a claim upon which relief may be granted under § 1983, and judgment was entered.  (Docs. 6,

24   7.)  On October 1, 2012, Plaintiff filed objections to the order dismissing the action, which the Court

25   treats as a motion for reconsideration.  (Doc. 8.)

26   ///

27   ///

28                                          1

## II.    MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

The Court has reviewed Plaintiff's objection.  Plaintiff has not demonstrated that the Court committed clear error, or presented the Court with new information of a strongly convincing nature, to induce the Court to reverse its prior decision.  Therefore, the motion for reconsideration shall be denied.

## III.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on October 1, 2012, is DENIED.


IT IS SO ORDERED.

**Dated:**   **October 2, 2012**                    **/s/ Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE

2