# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MARLON BLACHER,

        Plaintiff,

    vs.

S. JOHNSON,

        Defendant.

1:12-cv-01159-GSA-PC

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST
(Doc. 24.)

ORDER DISMISSING THIS ACTION, WITHOUT PREJUDICE

ORDER FOR CLERK TO CLOSE CASE

## I.    BACKGROUND

Marlon Blacher ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on July 16, 2012.  (Doc. 1.)  The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and therefore the undersigned shall conduct all proceedings in this case, including dispositive rulings.[1]  (Docs. 5, 26.)

---

[1] On July 30, 2012, Plaintiff filed a form consenting to the jurisdiction of a Magistrate Judge.  (Doc. 5.)  On October 15, 2013, Defendant Johnson filed a form consenting to the jurisdiction of a Magistrate Judge.  (Doc. 26.)  Subsequently, on October 30, 2013, Plaintiff filed a form declining the jurisdiction of a Magistrate Judge.  (Doc. 27.)  Plaintiff may not withdraw his consent in this manner.  Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn only by the district court, and only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party."  Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) (quoting Fellman v. Fireman's Fund Ins. Co., 735 F.2d 55, 58 (2d Cir.1984)); 28 U.S.C. § 636(c)(6); Fed. R. Civ. P. 73(b).  There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge.  Dixon at 480.  Plaintiff has not shown any extraordinary circumstances to justify withdrawal of his consent.

This case now proceeds on the original Complaint against defendant Chief Deputy Warden S. Johnson ("Defendant"), on Plaintiff's claim concerning unreasonable unclothed body searches.  (Doc. 1.)[2]

On October 9, 2013, Defendant filed a motion to dismiss this action for failure to exhaust administrative remedies.  (Doc. 24.)  On October 30, 2013, Plaintiff filed an opposition to the motion.[3]  (Doc. 28.)  Defendant has not filed a reply.  Defendant's motion to dismiss is now before the court.

## II.   PLAINTIFF'S ALLEGATIONS AGAINST DEFENDANT JOHNSON

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR), presently incarcerated at California State Prison-Los Angeles County in Lancaster, California.  The events at issue in the Complaint allegedly occurred at Corcoran State Prison in Corcoran, California (CSP-Corcoran).  The sole Defendant, Chief Deputy Warden S. Johnson, is a correctional official employed by the CDCR at CSP-Corcoran.

Plaintiff's claim in this action stems from an unclothed body search.  Plaintiff alleges that while he was housed at CSP-Corcoran, he was assigned to work in the Security Housing Unit kitchen.  At the end of each workday, the inmates assigned to work in the kitchen were subjected to an unclothed body search before returning to their housing area.  The searches were conducted by male correctional officers (C/Os).  The area where the searches are conducted is located directly across from an open door where female C/Os are positioned. Plaintiff alleges that "many times, as plaintiff stood there naked during the search, plaintiff would be making direct eye contact with the female C.O.s, which would sometimes elicit a smirk or some other form of, seemingly condescending, response from a female C.O."

---

[2] On September 7, 2012, the court dismissed Plaintiff's Complaint for failure to state a claim, without leave to amend, and judgment was entered.  (Doc. 6.)  On October 1, 2012, Plaintiff filed a notice of appeal to the Ninth Circuit Court of Appeals.  (Doc. 9.)  On May 16, 2013, the Ninth Circuit affirmed the district court's dismissal of Plaintiff's claim against defendant Davis, but reversed the dismissal of Plaintiff's claim against defendant Johnson, remanding the case to the district court for further proceedings.  (Doc. 19.)

[3] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion by Defendant on October 9, 2013.  Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003); Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998).  (Doc. 24-3.)

(Complaint, Doc. 1 at 4 ¶IV.) Plaintiff submitted an inmate grievance concerning the issue, indicating that the searches violated CDCR policy that required searches to be conducted outside the view of others not conducting the searches.  The first level interviewer, Sergeant E. Mendez [not a defendant], agreed with Plaintiff and said that measures would be implemented so inmates would be strip-searched outside the view of others except the staff conducting the search, but the practice was never changed to conform with regulations and constituted an illegal search.  Defendant S. Johnson was made aware of the problem on January 3, 2012, when she reviewed Plaintiff's inmate grievance at the second level of review, but she failed to take any corrective measures.  Plaintiff requests monetary damages and injunctive relief.

## III.      MOTION TO DISMISS FOR FAILURE TO EXHAUST

### A.      Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  Wyatt at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).  In deciding a motion to dismiss for failure to exhaust administrative

remedies, the Court may look beyond the pleadings and decide disputed issues of fact.  <u>Wyatt</u> at 1119-20.  If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice.  <u>Id.</u>

The Court takes judicial notice of the fact that the CDCR has an administrative grievance system for prisoner complaints.  Cal.Code Regs., tit. 15 § 3084.1.  The process is initiated by submitting a CDC Form 602.  <u>Id.</u> at § 3084.2(a).  In 2011, prisoners were required to submit appeals within thirty calendar days from the occurrence of the event or the decision being appealed, or upon first knowledge of the action or decision being appealed.  <u>Id.</u> at § 3084.8(b) (2011).  Three levels of appeal are involved, including the first level, second level, and third level.  <u>Id.</u> at § 3084.7 (2011).  In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.  <u>Woodford v. Ngo</u>, 548 U.S. 81, 85 (2006); <u>McKinney</u>, 311 F.3d. at 1199-1201.

### B. **Defendant's Motion**

Defendant moves to dismiss this action on the ground that Plaintiff failed to exhaust the CDCR's administrative appeals process regarding Plaintiff's claims against her.  Defendant provides evidence that from the time of Plaintiff's incarceration to September 2013, Plaintiff filed just four appeals that originated at CSP-Corcoran that were later accepted and decided at the third level of review.  (Declaration of J. Lozano, Doc. 24-2 at 2 ¶7, Exh. A.)  Defendant also provides evidence that among the four appeals that were properly exhausted, only one of them, IAB Number 1109089, pertains to the claims in this case.  (<u>Id.</u>, Exh. C.)  The other three appeals, which bear IAB Log Numbers 1100462, 1109611, and 1112257, all pertain to issues other than the unclothed body searches at issue.  (<u>Id.</u> at 2-3 ¶7, Exhs. B, D, E.)

Defendant argues that Plaintiff failed to exhaust his remedies with appeal IAB Number 1109089 because the appeal makes no mention of Defendant Johnson at the first level of review and instead takes issue with C/O Leyva for exhibiting signs of sexual harassment during strip searches.  (<u>Id.</u>, Exh. C.)  Defendant argues that Defendant Johnson's only connection to the claims in this case appears to be the role she played in reviewing Plaintiff's grievance at the

second level of review, which is insufficient to satisfy the exhaustion requirement pursuant to Cal. Code Regs. Tit 15, § 3084.1(b) as amended on January 28, 2011.

C.   **Plaintiff's Opposition**

The Court looks to Plaintiff's Complaint filed on July 16, 2012 and opposition filed on October 30, 2013.[4]   (Docs. 1, 28.)

In the Complaint, Plaintiff declares that he completed the grievance process at his institution concerning the facts relating to the Complaint.   (Complaint, Doc. 1 at 2 ¶II.) Plaintiff attached a copy of his inmate appeal Number CSPC-3-11-2175/IAB 1109089, concerning arbitrary unclothed body searches, as an exhibit to the Complaint, in support of his declaration.  (Exh. A to Complaint.)

In his opposition, Plaintiff argues that he exhausted his administrative remedies with appeal Number CSPC-3-11-2175/IAB 1109089 because he completed the appeal through the third level of review, only raised one issue throughout the appeal, and did not raise any new issues during the pendency of the appeal.   Plaintiff argues that if his appeal had violated any inmate grievance policy, it would have been summarily rejected by prison officials, and the appeal was never rejected.   Plaintiff asserts that Defendant's evidence shows that the appeal was processed through all levels of review, and at the final level it was stated, "This decision exhausts the administrative remedy available to the appellant within CDCR."  (Exh. C to Deft's Motion to Dismiss.)   Plaintiff explains that Defendant Johnson was not mentioned at the first level of review because Defendant Johnson was not initially part of the issue, but that she became a part of the issue when she responded to Plaintiff's appeal at the second level of review.

///

///

---

[4]   In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  Plaintiff signed the Complaint under penalty of perjury and it therefore contains admissible evidence. (Doc. 1.)  Plaintiff's opposition filed on October 30, 2013, contains Plaintiff's declaration signed under penalty of perjury and therefore contains admissible evidence.  (Doc. 28.)

E.    **Discussion**

After thoroughly reviewing the pleadings and exhibits submitted in support of and opposition to Defendant's motion to dismiss, the Court finds that Defendant has met her burden of raising and proving the absence of exhaustion.  As Defendant has argued, Plaintiff was not permitted to exhaust the claims against her by naming her as a new defendant in his appeal at any level higher than the first level of review.

The level of specificity of claims and parties required to exhaust an administrative appeal has been subject to some judicial scrutiny.  The Supreme Court held in Jones, 549 U.S. at 218 ("Jones"), that a prison's own grievance process, not the PLRA, determines how detailed a grievance must be to satisfy the PLRA exhaustion requirement.  Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).  In Jones, the Court held that a prisoner did not fail to properly exhaust an administrative remedy because of the lack of specifics in the initial grievance form. Jones, 549 U.S. at 219.  In so doing, the Court based its argument on the lack of guidelines requiring more formality in the federal legislation that mandates exhaustion, as well as the prison's own lack of guidance as to what specifics need to be included in the initial grievance. Id. at 218.

Plaintiff's facts, however, are distinguishable from the facts in Jones, because at the time Plaintiff submitted his grievance, the regulations governing the CDCR's grievance process gave specific guidance as to the specificity required in appeals.  Effective January 28, 2011, the regulations were significantly revised in certain pertinent respects and now provide that "[a]dministrative remedies shall not be considered exhausted relative to any new issue, information, or person later named by the appellant that was not included in the originally submitted CDCR Form 602 (Rev.08/09), Inmate/Parolee Appeal, which is incorporated by reference, and addressed through all required levels of administrative review up to and including the third level." Cal.Code Regs. tit. 15, § 3084.1(b) (2011).  The revised regulations require inmates to identify by name and title or position each staff member alleged to be involved in the action or decision being appealed, along with the dates each staff member was involved in the issue being appealed. Cal.Code Regs. tit. 15, § 3084.2(a)(3) (2011).  If the

6

inmate does not have this information, he must provide any other available information that would assist the appeals coordinator in identifying the staff member. Id.  These revised regulations were in effect when Plaintiff submitted his appeal Number CSPC-3-11-2175/IAB 1109089 to the first level of review on September 4, 2011.  (Doc. 24-2 at 21.)

Plaintiff has acknowledged that Defendant Johnson was not initially part of his appeal and was not mentioned in his appeal at the first level of review.  Thus, although Plaintiff completed the appeals process through the third and final level of review, this is not sufficient to show that the appeal exhausted Plaintiff's remedies with respect to his claim against Defendant Johnson.  Therefore, Defendant Johnson is entitled to dismissal of the claims against her, and the motion to dismiss shall be granted, dismissing this action in its entirety.

**IV.     CONCLUSION**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1.     Defendant Johnson's motion to dismiss the claims against her for failure to exhaust remedies, filed on October 9, 2013, is GRANTED;

2.     This action is DISMISSED in its entirety, without prejudice; and

3.     The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   __**February 25, 2014**__                    _____**/s/ Gary S. Austin**_
                                                          UNITED STATES MAGISTRATE JUDGE