UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON BLACHER, | 1:12-cv-1159-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION AND RESOLVING MOTION FOR CLARIFICATION (Docs. 31, 32.) |
| vs. | |
| S. JOHNSON, et al., | |
| Defendants. | |

**I.      BACKGROUND**

Marlon Blacher ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. On February 26, 2014, the court dismissed this case for failure to exhaust administrative remedies and entered judgment. (Docs. 29, 30.)

On March 24, 2014, Plaintiff filed a motion to alter or amend the judgment, which the court construes as a motion for reconsideration of the court's order dismissing the case. (Doc. 31.) Plaintiff also filed a motion for clarification of the court's order. (Doc. 32.)

**II.     MOTION FOR RECONSIDERATION**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation

omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

**Plaintiff's Motion**

Plaintiff requests reconsideration of the court's finding in the court's order of February 26, 2014, that he failed to exhaust his available administrative remedies for his claim against defendant Chief Deputy Warden S. Johnson ("Johnson") before filing suit. Plaintiff argues that he exhausted his remedies because (1) his appeal addressed the unclothed body searches at issue in his Complaint, (2) he completed the appeals process through the third level of review, and (3) the third level response informed him that "[t]his decision exhausts the administrative remedy available to the appellant within CDCR." (Doc. 31 at 2:12-13.) Plaintiff also argues that he complied with the CDCR's appeals procedures because when he was dissatisfied with the second level response, he proceeded to file an appeal at the third level in compliance with Cal.Code Regs. tit.15 § 3084.2(d) which states: "If dissatisfied with the second level response, the appellant may submit the appeal for a third level review." (Id. at 3:22-25.) Plaintiff also

argues that defendant Johnson was involved in the issue of unclothed body searches because defendant Johnson's subordinates conducted the searches, and defendant Johnson denied Plaintiff's appeal at the second level of review, failing to provide Plaintiff with a remedy for a clear violation of the CDCR's regulations concerning body searches, which made defendant Johnson a co-conspirator in the violation. Plaintiff argues that there is no requirement that he start over with the grievance process to address defendant Johnson's decision at the second level of review.

### Discussion

Plaintiff's misunderstands the court's ruling, and his arguments are without merit. The court found that Plaintiff failed to exhaust his remedies for his claim against defendant Johnson because Plaintiff's claim against defendant Johnson arose *after* Plaintiff filed his Appeal number COR-11-02175 ("Appeal") and therefore could not have been part of Plaintiff's Appeal when it was first submitted. The CDCR's appeals process provides that "[a]dministrative remedies shall not be considered exhausted relative to any new issue, information, or person later named by the appellant that was not included in the originally submitted CDCR Form 602." CalCode Regs. tit. 15, § 3084.2(a)(3( (2011). Plaintiff's Appeal concerned improper unclothed body searches which took place before the appeal was submitted. (Exhs. to Complaint, Doc. 1 at 6.) Plaintiff's claim against defendant Johnson – that she (Johnson) improperly responded to his Appeal at the second level of review -- arose *after* the Appeal was submitted. (Id. at 7, 9 ¶F.) Plaintiff was not permitted to add a new issue to his appeal after it was submitted. For Plaintiff to exhaust his remedies with respect to defendant Johnson, Plaintiff would have to submit a new appeal *after* his claim against defendant Johnson arose, and complete the process for that claim. There is no evidence that Plaintiff did so.

Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Therefore, Plaintiff's motion for reconsideration shall be denied.

### III.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on March 24, 2014, is DENIED; and

2.     This order also resolves Plaintiff's motion for clarification, filed on March 24, 2014.

IT IS SO ORDERED.

Dated:   **March 27, 2014**                          **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE