UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON BLACHER,<br><br>        Plaintiff,<br><br>    vs.<br><br>S. JOHNSON, et al.,<br><br>        Defendants. | 1:12-cv-1159-EPG-PC<br><br>ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO DISQUALIFY MAGISTRATE JUDGE GARY S. AUSTIN FROM PARTICIPATION IN THIS CASE<br><br>(ECF No. 41.)<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO WITHDRAW CONSENT TO MAGISTRATE JUDGE JURISDICATION<br><br>(ECF No. 42.) |

**I.   BACKGROUND**

Marlon Blacher ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On June 24, 2016, Plaintiff filed a motion under 28 U.S.C. § 455 to disqualify Magistrate Judge Gary S. Austin from participating in this case.  (ECF No. 41.)  On the same date, Plaintiff also filed a document titled "Notice to Correct Inaccurate Presumptions and Presentment to Remove Cause to Proper District Court." (ECF No. 42.)

**II.     MOTION TO DISQUALIFY MAGISTRATE JUDGE GARY S. AUSTIN**

    **A.     <u>Legal Standard</u>**

Under 28 U.S.C. § 455(a), "[a]ny ... judge ... shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." <u>Pesnell</u>, 543 F.3d at 1043. 28 U.S.C. § 455(b) provides in relevant part, "[h]e shall also disqualify himself in the following circumstances: [w]here he has a personal bias or prejudice concerning a party ..." 28 U.S.C. §455(b)(1). A motion under § 455 is addressed to, and must be decided by, the very judge whose impartiality is being questioned." <u>Bernard v. Coyne</u>, 31 F.3d 842, 843(9th Cir. 1994). "Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge." <u>Id.</u> (quoting <u>United States v. Balistrieri</u>, 779 F.2d 1191, 1202 (7th Cir. 1985)). "[S]ection 455 includes no provision for referral of the question of recusal to another judge; if the judge sitting on the case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself or herself." <u>Sibla</u>, 624 F.2d at 868 (citing <u>see</u>, <u>e.g.</u>, <u>Nicodemus v. Chrysler Corp.</u>, 596 F.2d 152, 157 & n.10 (6th Cir. 1979)). On the other hand, "in the absence of a legitimate reason to recuse himself, a judge should participate in cases assigned." <u>United States v. Holland</u>, 519 F.3d 909, 912 (9th Cir. 2008).

The substantive standard is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" <u>Pesnell</u>, 543 F.3d at 1043 (quoting <u>United States v. Hernandez</u>, 109 F.3d 1450, 1453 (9th Cir. 1997)). However, the bias must arise from an extra-judicial source and cannot be based solely on information gained in the course of the proceedings. <u>Id.</u> (citing <u>Liteky v. United States</u>, 510 U.S. 540, 554-56 (1994). "'Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" <u>In re Focus Media, Inc.</u>, 378 F.3d 916, 930 (9th Cir. 2004) (quoting <u>Liteky</u>, 510 U.S. at 555). "'In and of themselves .., they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved.'" <u>Id.</u>

///

### B. **Discussion**

Plaintiff seeks to disqualify Magistrate Judge Gary S. Austin from participation in this case. Plaintiff's motion shall be denied. Plaintiff sets forth no argument in support of his motion for the Court's consideration. Moreover, Plaintiff's motion is moot because on June 24, 2016, this case was reassigned to Magistrate Judge Erica P. Grosjean, and therefore Magistrate Judge Gary S. Austin is no longer assigned to this case. (Court Record.)

## II.   REQUEST TO REMOVE CAUSE TO PROPER DISTRICT COURT

### A. **Plaintiff's Motion**

Plaintiff requests removal of "this Cause to the [d]istrict [c]ourt of the United States (26 U.S.C. § 7402) for the California Republic [Eastern District], from the administrative/legislative/territorial/insular possession court formerly hearing this cause." (ECF No. 42 at 2:13-15.) Plaintiff argues that "being a suit at common law to which the judicial power shall extend, this Cause shall be heard before a [*sic*] Article III, Section 1, Constitution of the United States 1787 mentioned judge of whom the judicial power is vested." (Id. at 2:8-10.)

### B. **Discussion**

To the extent that Plaintiff seeks to decline the jurisdiction of a Magistrate Judge in this case, he may not do so in this manner at this juncture. On July 30, 2012, Plaintiff consented to the jurisdiction of a Magistrate Judge under 28 U.S.C. § 636(c). (ECF No. 5.) Now, it appears that Plaintiff seeks to withdraw his consent. Plaintiff makes no argument in support of his request.

Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn only by the district court, and only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) (quoting Fellman v. Fireman's Fund Ins. Co., 735 F.2d 55, 58 (2d Cir.1984)); 28 U.S.C. § 636(c)(6); Fed. R. Civ. P. 73(b). There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge. Dixon 990 F.2d at 480. Plaintiff has not shown any extraordinary circumstances to justify withdrawal of his

consent, and the Court finds no good cause to allow Plaintiff to withdraw his consent. Therefore, Plaintiff's request shall be denied.

**IV. CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to disqualify Magistrate Judge Gary S. Austin is DENIED as moot, and
2. Plaintiff's request to withdraw his consent to Magistrate Judge jurisdiction is DENIED.

IT IS SO ORDERED.

Dated: **July 1, 2016**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE