1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON BLACHER,<br><br>                    Plaintiff,<br><br>      v.<br><br>S. JOHNSON,<br><br>                    Defendant. | 1:12-cv-01159-EPG (PC)<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br>(ECF NO. 50)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DECLARATIONS PRESENTED WITH DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br>(ECF NO. 55) |

Marlon Blacher ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.   Both parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]  (ECF Nos. 5 & 26).  This case now proceeds on Plaintiff's Complaint, filed on July 16, 2012 (ECF No. 1), against Chief Deputy

---

[1] As Magistrate Judge Gary S. Austin noted (ECF No. 29, p. 1 n. 1), "[o]n July 30, 2012, Plaintiff filed a form consenting to the jurisdiction of a Magistrate Judge. (Doc. 5.) On October 15, 2013, Defendant Johnson filed a form consenting to the jurisdiction of a Magistrate Judge. (Doc. 26.) Subsequently, on October 30, 2013, Plaintiff filed a form declining the jurisdiction of a Magistrate Judge. (Doc. 27.) Plaintiff may not withdraw his consent in this manner. Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn only by the district court, and only 'for good cause shown on its own motion, or under extraordinary circumstances shown by any party.' Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) (quoting Fellman v. Fireman's Fund Ins. Co., 735 F.2d 55, 58 (2d Cir.1984)); 28 U.S.C. § 636(c)(6); Fed. R. Civ. P. 73(b). There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge. Dixon at 480. Plaintiff has not shown any extraordinary circumstances to justify withdrawal of his consent.

Warden S. Johnson ("Defendant") on Plaintiff's claim relating to an unclothed body search (ECF No. 20).  Before the Court now is Defendant's motion for summary judgment (ECF No. 50) and Plaintiff's motion to strike declarations presented with Defendant's motion for summary judgment (ECF No. 55).  Because the Ninth Circuit has already ruled on the issue of exhaustion in this case, both motions will be denied.

## I.    BACKGROUND

On October 9, 2013, Defendant filed a motion to dismiss, alleging that Plaintiff failed to exhaust his administrative remedies.  (ECF No. 24).  To support the motion, Defendant attached: 1) The declaration of J. Lozano; 2) A report dated September 9, 2013, from the "Inmate / Parolee Appeals Tracking System – Level III" (Exhibit A); 3) What appears to be a record of an inmate grievance process initiated by Plaintiff (Log # CSPC-3-11-01220), including a copy of the Third Level Appeal Decision, a copy of Plaintiff's appeal form, a copy of the Formal Level Appeal Response, and a copy of the Second Level Appeal Response (Exhibit B); 4) What appears to be a second record of an inmate grievance process initiated by Plaintiff (Log # COR-11-02175), including a copy of the Third Level Appeal Decision, a copy of Plaintiff's appeal form, a copy of the First Level Response, and a copy of the Second Level Response (Exhibit C); 5) What appears to be a third record of an inmate grievance process initiated by Plaintiff (Log # COR-11-02883), including a copy of the Third Level Appeal Decision, a copy of Plaintiff's appeal form, and a copy of the First Level Response (Exhibit D); and 6) What appears to be a fourth record of an inmate grievance process initiated by Plaintiff (Log # COR-12-00040), including a copy of the Third Level Appeal Decision, a copy of Plaintiff's appeal form, a copy of the First Level Response, and a copy of the Second Level Response (Exhibit E).

On October 30, 2013, Plaintiff filed his opposition to the motion to dismiss, alleging that he did exhaust his administrative remedies (ECF No. 28).  Plaintiff submitted evidence to support his opposition, including his declaration.  (Id.).

On February 26, 2014, the Court[2] granted Defendant's motion to dismiss.  (ECF No. 29).

_____

[2] Magistrate Judge Gary S. Austin was the presiding magistrate judge until June 24, 2016.

The Court noted that, at the motion to dismiss stage, it could look beyond the pleadings and decide disputed issues of fact (Id. at p. 5 n. 4), and "thoroughly review[ed] the pleadings and exhibits" in reaching its decision (Id. at p. 6).

On March 24, 2014, Plaintiff filed a notice of appeal of the Court's order dismissing the case.  (ECF No. 33).  On June 2, 2016, the Ninth Circuit Court of Appeals issued a memorandum vacating the order dismissing the case, and remanding the case.[3]  (ECF No. 39).  The memorandum states "[t]herefore, although Blacher did not comply with prison regulations, his administrative appeals alleging unreasonable searches and a failure to remedy the problem received a response at the third and final level informing him that his administrative remedies were exhausted."  (Id. at p. 2).

On August 8, 2016, Defendant filed an answer to the Complaint (ECF No. 49) and a motion for summary judgment (ECF No. 50).  On August 19, 2016, Plaintiff filed opposition to Defendant's motion for summary judgment, specific denials concerning Defendant's statement of undisputed facts, and a motion to strike declarations presented with Defendant's motion for summary judgment (ECF Nos. 52-54).  On August 26, 2016, Defendant filed a reply to Plaintiff's opposition.  (ECF No. 57).  On September 6, 2016, Plaintiff filed another opposition to Defendant's motion for summary judgment.  (ECF No. 59).

II.    **DISCUSSION**

Magistrate Judge Gary S. Austin already considered Defendant's exhaustion argument. (ECF No. 29).  This included a thorough review of the evidence submitted by Plaintiff and Defendant.  (Id. at p. 6).  While Magistrate Judge Austin found that Plaintiff failed to exhaust (Id.), the Ninth Circuit Court of Appeals disagreed, and found that Plaintiff fully exhausted his administrative remedies (ECF No. 39, p. 2).

Accordingly, the issue of whether Plaintiff exhausted his administrative remedies has already been adjudicated.  While Defendant states that the case the Ninth Circuit Court of Appeals relied on to reach its decision to overrule Magistrate Judge Gary S. Austin's ruling is

---

[3] The judgment did not take effect until June 27, 2016.  (ECF No. 45).

1  now under review (ECF No. 57, p. 2), it does not appear that the case has been overruled at this

2  time.  Additionally, if Defendant wanted to continue to litigate the issue of exhaustion in this case

3  he should have done so at the appellate level.  This Court must follow the order of the Appellate

4  Court.

5         Therefore, Defendant's motion for summary judgment will be denied.  Because the Court

6  is denying Defendant's motion for summary judgment, Plaintiff's motion to strike declarations

7  presented with Defendant's motion for summary judgment will be denied as moot.

8        III.    **CONCLUSION**

9         Accordingly, IT IS ORDERED that Defendant's motion for summary judgment (ECF No.

10  50) is DENIED.

11         IT IS FURTHER ORDERED that Plaintiff's motion to strike declarations presented with

12  Defendant's motion for summary judgment (ECF No. 55) is DENIED as moot.

13

14  IT IS SO ORDERED.

15    Dated:   **October 17, 2016**         /s/ *Errin P. Grosjean*

16                                       UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28