1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    EASTERN DISTRICT OF CALIFORNIA

7

8   MARLON BLACHER,                          1:12-cv-01159-EPG (PC)

9              Plaintiff,                     ORDER DENYING PLAINTIFF'S NOTICE
                                             CONCERNING PRESENT AND UNDUE
10        v.                                  STATE IMPOSED DISABILITY AND
                                             MOTION FOR ADEQUATE-JUST RELIEF
11  S. JOHNSON,                               (ECF NO. 61)

12             Defendant.

13

14        Marlon Blacher ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis*

15  with this civil rights action pursuant to 42 U.S.C. § 1983. Both parties have consented to

16  magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF Nos. 5 & 26).  This case now

17  proceeds on Plaintiff's Complaint, filed on July 16, 2012 (ECF No. 1), against Chief Deputy

18  Warden S. Johnson ("Defendant") on Plaintiff's claim relating to an unclothed body search (ECF No.

19  20).

20        On October 6, 2016, Plaintiff filed a Notice Concerning Present and Undue State Imposed

21  Disability and Motion for Adequate-Just Relief ("the Motion").  (ECF No. 61).  The Motion asks

22  for appointment of counsel and a transfer to the Federal Bureau of Prisons until this case ends.

23  (Id. at p. 3).

24  **I.        REQUEST FOR APPOINTMENT OF COUNSEL**

25        Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

26  Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952

27  (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28

28  U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa,

1

1   490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request

2   the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

3   Without a reasonable method of securing and compensating counsel, the Court will seek

4   volunteer counsel only in the most serious and exceptional cases.  In determining whether

5   "exceptional circumstances exist, the district court must evaluate both the likelihood of success of

6   the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

7   complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

8   In the present case, the Court does not find the required exceptional circumstances.  Even

9   if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations

10   which, if proved, would entitle him to relief, his case is not exceptional.  The legal issue in this

11   case — whether an unclothed body search was unreasonable — is not complex.  A review of the

12   record in this case shows that Plaintiff is responsive, adequately communicates, and is able to

13   articulate his claims.  Further, the Court cannot make a determination that Plaintiff is likely to

14   succeed on the merits.  Id.  Therefore, Plaintiff's request for the appointment of counsel shall be

15   denied.

16   **II.      REQUEST FOR TRANFER TO FEDERAL BUREAU OF PRISONS**

17   Plaintiff also requests to be transferred to the Federal Bureau of Prisons.  The Court

18   construes this request as a request for a preliminary injunction.

19   As a preliminary matter, however, a federal district court may issue emergency injunctive

20   relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the

21   lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting

22   that one "becomes a party officially, and is required to take action in that capacity, only upon

23   service of summons or other authority-asserting measure stating the time within which the party

24   served must appear to defend."). The court may not attempt to determine the rights of persons not

25   before it. See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda

26   v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983); see also Califano v. Yamasaki, 442 U.S. 682, 702

27   (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are

28   entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties

1    to the action," their "officers, agents, servants, employees, and attorneys," and "other persons

2    who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

3         On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is

4    likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

5    preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the

6    public interest." Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Natural

7    Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that

8    irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Alliance

9    for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

10        Plaintiff is presently incarcerated at California State Prison-Solano (CSP-Solano) in

11   Vacaville, California.  Plaintiff seeks a court order requiring someone to transfer him to the

12   Federal Bureau of Prisons, where he would reside until this case ends.  As such, the injunction

13   would have to be at least in part directed to the Federal Bureau of Prisons.  However, the events at

14   issue in Plaintiff's Complaint allegedly occurred at California State Prison-Corcoran, when

15   Plaintiff was incarcerated at that facility.  (ECF No. 1, p 3).  Therefore, the order Plaintiff seeks

16   goes beyond the defendant in this case and the prison where the incident took place.

17   Accordingly, the Court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's

18   request to be transferred must be denied.

19        Additionally, the requested transfer is not sufficiently related to the harm in Plaintiff's

20   Complaint.  Plaintiff's Complaint relates to an unclothed body search.  The transfer is not

21   something required to remedy the unclothed body search.  It is thus outside the scope of the

22   Complaint.

23        \\\

24        \\\

25        \\\

26        \\\

27        \\\

28        \\\

**III.**        **CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Notice Concerning Present and Undue State Imposed Disability and Motion for Adequate-Just Relief is DENIED.

IT IS SO ORDERED.

Dated:    **October 21, 2016**                    /s/ Erica P. Grosjean

                                                           UNITED STATES MAGISTRATE JUDGE