1

2

3

4

5                         UNITED STATES DISTRICT COURT

6                         EASTERN DISTRICT OF CALIFORNIA

7

8 MARLON BLACHER,               |  1:12-cv-01159-EPG (PC)

9         Plaintiff,           |  ORDER FOLLOWING INITIAL

10     v.                        |  SCHEDULING CONFERENCE

11 S. JOHNSON,                |  ORDER DENYING PLAINTIFF'S MOTION

TO COMPEL

12         Defendant.      |  (ECF NO. 64)

13

14

15       Marlon Blacher ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis*

16 with this civil rights action pursuant to 42 U.S.C. § 1983.  Both parties have consented to

17 magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]  (ECF Nos. 5 & 26).  This case

18 now proceeds on Plaintiff's Complaint, filed on July 16, 2012 (ECF No. 1), against Chief

19 Deputy Warden S. Johnson ("Defendant") on Plaintiff's claim relating to an unclothed body

20 search (ECF No. 20).

21    ——————————————

22         [1] At the Initial Scheduling Conference the Court asked if Plaintiff consented to magistrate judge
jurisdiction, Plaintiff answered in the affirmative, and the Court stated that it would send Plaintiff another consent

23 form.  However, as Magistrate Judge Gary S. Austin noted (ECF No. 29, p. 1 n. 1), "[o]n July 30, 2012, Plaintiff
filed a form consenting to the jurisdiction of a Magistrate Judge. (Doc. 5.) On October 15, 2013, Defendant

24 Johnson filed a form consenting to the jurisdiction of a Magistrate Judge. (Doc. 26.) Subsequently, on October 30,
2013, Plaintiff filed a form declining the jurisdiction of a Magistrate Judge. (Doc. 27.) Plaintiff may not withdraw

25 his consent in this manner. Once a civil case is referred to a magistrate judge under section 636(c), the reference
can be withdrawn only by the district court, and only 'for good cause shown on its own motion, or under

26 extraordinary circumstances shown by any party.' Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) (quoting
Fellman v. Fireman's Fund Ins. Co., 735 F.2d 55, 58 (2d Cir.1984)); 28 U.S.C. § 636(c)(6); Fed. R. Civ. P. 73(b).

27 There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate
judge. Dixon at 480. Plaintiff has not shown any extraordinary circumstances to justify withdrawal of his consent."

28 Therefore, Plaintiff has already consented to Magistrate Judge jurisdiction and no further confirmation is needed.

On October 31, 2016, the Court held an Initial Scheduling Conference ("Conference") in this case.  Plaintiff appeared telephonically on his own behalf.  Counsel Derrek Lee and Christopher Becker appeared telephonically on behalf of Defendant.

### 1.  PLAINTIFF'S SUMMARY JUDGMENT MOTION

Plaintiff filed a motion for summary judgment on July 18, 2016.  (ECF No. 48). Defendant failed to file any response.  At the conference, defense counsel claimed that it did not need to file a response because Plaintiff's motion was filed before Defendant filed its answer on August 8, 2016.

Defendant waived service on October 7, 2013 and filed a response pleading in the form of a motion to dismiss on October 9, 2013.  (ECF No. 23, 24).  Defendant itself filed a motion for summary judgment on August 8, 2016.  (ECF No. 50).  During the conference, the Court pressed Defendant for a rule that would excuse Defendant from responding to Plaintiff's motion for summary judgment.  Defendant requested permission to file a response.

On or before November 21, 2016, Plaintiff shall file a motion for leave to file a late response to Plaintiff's motion for summary judgment, and to file a response to Plaintiff's motion for summary judgment (ECF No. 48).  Plaintiff has until December 12, 2016, to file a response to Defendant's motion for leave to file a late response to Plaintiff's motion for summary judgment, and a reply to Defendant's response to Plaintiff's motion for summary judgment.  The Court will take the matter under submission at that time.

### 2.  PLAINTIFF'S MOTION TO COMPEL

For the reasons described at the conference, the Court will deny Plaintiff's Notice Concerning Items Absent from Defendant's Initial Disclosures and Petition for Rendering (ECF No. 64), which the Court construes as a motion to compel.  Plaintiff's motion requests that the Court compel Defendant to render copies of any and all documents that are necessary to identify the underwriter(s) for the bond(s) of office for Defendant, all necessary details to file a claim against said bond(s), and the certified and filed Article XX, Section 3, Constitution of California Oath of Office Subscribed by Defendant.

As to Plaintiff's request that the Court compel Defendant to produce information

necessary to identify the underwriter(s) for the bond(s) of office for Defendant and all necessary details for Plaintiff to be able to file a claim against said bond(s), this request will be denied.   While Federal Rule of Civil Procedure 26(a)(1)(A) requires disclosure of any applicable insurance policy, the Court's initial disclosure order (ECF No. 51) does not. Additionally, Plaintiff did not put forward an argument as to why this information is relevant.

As to Plaintiff's request that the Court compel Defendant to produce a copy of the certified and filed Article XX, Section 3, Constitution of California Oath of Office Subscribed by Defendant, as discussed at the Conference, this request will be denied because the document Plaintiff is requesting that Defendant produce is not relevant.   Defendant stated on the record that it was acting under color of state law.

### 3.        DISCOVERY ISSUES

As discussed at the Conference, Defendant agreed to request documents in discovery from the California Department of Corrections and Rehabilitation ("CDCR") and respond to Plaintiff's discovery requests with documents held by the CDCR, or assert objections on behalf of the CDCR, while maintaining Defendant's objection that it does not have possession, custody or control of documents held by the CDCR.   Defendant will notify the Court if it withholds any documents under the official information privilege.

Additionally, all parties will be ordered to produce photographs of the location where the search(es) that led to the filing of this case were executed, photographs depicting the view from the officer station at the location where the search(es) were conducted, and any diagrams or documentation regarding the layout of the area where the search(es) were conducted.

Accordingly, based on the foregoing, IT IS ORDERED that:

1. Defendant has until November 21, 2016, to file a motion for leave to file a late response to Plaintiff's motion for summary judgment, and to file a response to Plaintiff's motion for summary judgment.   Plaintiff has until December 12, 2016, to file a response to Defendant's motion for leave to file a late response to Plaintiff's motion for summary judgment, and a reply to Defendant's response to Plaintiff's motion for summary judgment;

2.  Plaintiff's Motion to Compel (which was titled Notice Concerning Items Absent from Defendant's Initial Disclosures and Petition for Rendering) is DENIED; and

3.  Within 30 days from the date of the service of this order, all parties are to produce photographs of the location where the search(es) that led to the filing of this case were executed, photographs depicting the view from the officer station at the location where the search(es) were conducted, and any diagrams or documentation regarding the layout of the area where the search(es) were conducted to the extent they have any such documents (or such documents are held by the CDCR).  If any such items are being withheld as privileged, the party withholding the items shall notify the Court so that the Court may consider conducting an *in camera* review.

IT IS SO ORDERED.

Dated:   __**November 2, 2016**__          _/s/ Erica P. Grosjean_
                                        UNITED STATES MAGISTRATE JUDGE