UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON BLACHER,<br><br>    Plaintiff,<br><br>  v.<br><br>S. JOHNSON,<br><br>    Defendant. | 1:12-cv-01159-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER/AMEND JUDGMENT/ORDER/DECREE<br>(ECF NO. 73) |

Marlon Blacher ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On October 31, 2016, the Court held an Initial Scheduling Conference. Plaintiff appeared telephonically on his own behalf. Counsel Derek Lee and Christopher Becker appeared telephonically on behalf of Defendant. The Court issued an order after the Conference that, among other things, denied Plaintiff's Notice Concerning Items Absent from Defendant's Initial Disclosures and Petition for Rendering (ECF No. 64), which the Court construed as a motion to compel. (ECF No. 70). On December 19, 2016, Plaintiff filed a "Motion to Alter/Amend Judgment/Order/Decree." (ECF No. 73).

Federal Rule of Civil Procedure 60(b) governs grounds for relief from an order:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called

> intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

According to Plaintiff, he needs to see a copy of Defendant's certified and filed oath of office, because without it Defendant is "no valid-legitimate 'public officer' and is merely impersonating such…." Plaintiff further alleges that the California Department of Corrections and Rehabilitation serves as a vehicle for Defendant to act in subversion of the Constitution of the United States. Finally, Plaintiff asks the Court to order Defendant to turnover bond/insurance policy information pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iv), and cites to cases that refer to the initial disclosure requirement.

Plaintiff has failed to show that he meets any of the above-mentioned reasons for granting relief from the order denying his motion to compel, or for reconsidering the Court's earlier decision.

Although no further explanation is needed, the Court will explain that the form initial disclosures are not legally required in this case under the Federal Rules of Civil Procedure (Federal Rule of Civil Procedure 26(a)(1)(B)(iv)). Although this Court issued its own specific and tailored initial disclosures order,[1] (ECF No. 51), which was targeted to the needs in this type of case, it did not require applicable insurance policies to be included in initial disclosures. The Court continues to believe that insurance information is not relevant in this case because there is no argument that defendant will be unable to pay any judgment or that damages will be determined by the amount of insurance coverage.

Regarding Plaintiff's request for Defendant's oath of office, Defendant's counsel stated on the record that Defendant was acting under state law, and there is no reason to doubt that representation. Plaintiff poses no factual basis to contest this. Plaintiff's case is not about an allegation that Defendant was acting fraudulently in pretending to be an agent of the state, and

---

[1] Comment to 2000 Amendment to Rule 26 (regarding Rule 26's exemptions for certain categories of cases, "Case-specific orders remain proper," and "the court can order exchange of similar information in managing the action under Rule 16").

Plaintiff not entitled to discovery merely for the chance that Defendant could have been lying, without any evidence of such an accusation. The disputed facts in the case before this Court have nothing to do with Defendant's oath of office and thus that information is not relevant to this proceeding.

Accordingly, it is ORDERED that Plaintiff's Motion to Alter/Amend Judgment/Order/Decree is DENIED.

IT IS SO ORDERED.

Dated:  **December 21, 2016**                    /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE