UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON BLACHER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. JOHNSON,<br><br>　　　　Defendant. | 1:12-cv-01159-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE<br><br>(ECF NO. 48) |

**I.     BACKGROUND**

Marlon Blacher ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Both parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]  (ECF Nos. 5 & 26).  This case now proceeds

---

[1] As Magistrate Judge Gary S. Austin noted (ECF No. 29, p. 1 n. 1), "[o]n July 30, 2012, Plaintiff filed a form consenting to the jurisdiction of a Magistrate Judge. (Doc. 5.)  On October 15, 2013, Defendant Johnson filed a form consenting to the jurisdiction of a Magistrate Judge. (Doc. 26.)  Subsequently, on October 30, 2013, Plaintiff filed a form declining the jurisdiction of a Magistrate Judge. (Doc. 27.)  Plaintiff may not withdraw his consent in this manner.  Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn only by the district court, and only 'for good cause shown on its own motion, or under extraordinary circumstances shown by any party.'  Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) (quoting Fellman v. Fireman's Fund Ins. Co., 735 F.2d 55, 58 (2d Cir.1984)); 28 U.S.C. § 636(c)(6); Fed. R. Civ. P. 73(b).  There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge.  Dixon at 480.  Plaintiff has not shown any extraordinary circumstances to justify withdrawal of his consent."

on Plaintiff's Complaint, filed on July 16, 2012 (ECF No. 1), against Chief Deputy Warden S. Johnson ("Defendant") on Plaintiff's claim relating to an unclothed body search. (ECF No. 20). Before the Court now is Plaintiff's motion for summary judgment ("the Motion") that Defendant committed unconstitutional unclothed body searches. (ECF No. 48).

Defendant failed to file a timely response to the Motion. On November 21, 2016, Defendant filed a request for leave to oppose Plaintiff's motion for summary judgment (ECF No. 72), which was denied (ECF No. 75). Attached to the request for leave to oppose Plaintiff's motion for summary judgment was a memorandum of points and authorities in support of Defendant's opposition to summary judgment. (ECF No. 72-2). On December 21, 2016, Plaintiff filed what appears to be a reply to Defendant's memorandum of points and authorities. (ECF No. 76). Because the Court is not considering the memorandum of points and authorities, the Court will not consider Plaintiff's reply to the memorandum of points and authorities.

The Motion will be denied because Plaintiff submitted no evidence in support of the Motion, and failed to cite to any material in the record. Plaintiff has leave to refile his motion at any time with the appropriate supporting evidence, which can include his own declaration or reference to his verified complaint among other evidence.

**II.   LEGAL STANDARDS**

Summary judgment in favor of a party is appropriate when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Albino v. Baca* ("*Albino II*"), 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) ("If there is a genuine dispute about material facts, summary judgment will not be granted."). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

A party moving for summary judgment "bears the initial responsibility of informing the

district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), *quoting* Fed. R. Civ. P. 56(c).

In reviewing a summary judgment motion, the Court may consider other materials in the record not cited to by the parties, but is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001). In judging the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party." *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011). It need only draw inferences, however, where there is "evidence in the record . . . from which a reasonable inference . . . may be drawn"; the court need not entertain inferences that are unsupported by fact. *Celotex*, 477 U.S. at 330 n. 2.

A motion for summary judgment cannot be granted by default. *Heinemann v. Satterberg*, 731 F.3d 914, 916 (9th Cir. 2013); Fed. R. Civ. P. 56(e).

III. **DISCUSSION**

The Motion will be denied at this time because Plaintiff has failed to carry his burden of supporting the assertions in his motion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Plaintiff asserts a number of facts, but they are not submitted as sworn statements or even references to his complaint signed under penalty of perjury.

While the Court could, *sua sponte*, consider uncited materials that are in the record, it "need consider only the cited materials." Fed. R. Civ. P. 56(c)(3). Given the fact that Plaintiff failed to submit any evidence and failed to cite to any materials in the record, the Court declines to consider uncited materials *sua sponte*.

Additionally, Plaintiff failed to comply with the Local Rules. While the Motion does include a "Statement of Uncontroverted Facts and Conclusions of Law," Plaintiff failed to cite to any evidence that establishes the facts he is asserting. When listing a fact, Plaintiff was supposed to "cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact." Local Rule 260(a). Plaintiff failed to do this. The Court notes that Plaintiff's Statement of Uncontroverted Facts and Conclusions of Law includes numerous quotes to law, which is unnecessary in a statement of undisputed facts.

As to the fact that Defendant failed to respond to Plaintiff's motion for summary judgment, a motion for summary judgment cannot be granted by default. *Heinemann*, 731 F.3d at 916. While the Court does have other options when a party fails to respond (see Fed. R. Civ. P. 56(e)), given the fact that Plaintiff submitted no evidence in support of the Motion, the Court will not utilize those options.

Because it is early in the case (discovery has not yet been opened), and because the Motion is being denied due to the fact that Plaintiff submitted no evidence in support of the Motion and failed to cite to any material in the record, the Court will deny the motion without prejudice. The current deadline for filing dispositive motions, which include Plaintiff's motion for summary judgment, is May 31, 2017. (ECF No. 71). Plaintiff may submit a motion for summary judgment that includes evidentiary support on or before May 31, 2017. Note that if Plaintiff refiles a motion for summary judgment, Defendant may submit the evidence that it submitted in connection with its request for leave to oppose Plaintiff's motion for summary judgment, (ECF No. 72), so that the Court can determine if there are truly undisputed facts that justify judgment as a matter of law.

\\\
\\\
\\\
\\\
\\\

IV. **CONCLUSION**

Accordingly, based on the foregoing, IT IS ORDERED that Plaintiff's motion for summary judgment (ECF No. 48) is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:  **December 27, 2016**          /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE