# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON BLACHER, | 1:12-cv-01159-EPG (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND GIVING PLAINTIFF LEAVE TO PROPOUND A LIMITED DISCOVERY REQUEST AFTER THE NON-EXPERT DISCOVERY PERIOD |
| v. | |
| S. JOHNSON, | |
| Defendant. | (ECF NO. 80) |

## I.      BACKGROUND

Marlon Blacher ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On January 3, 2017, Plaintiff filed a motion to compel.  (ECF No. 80).

Plaintiff asks the Court to order Defendant "to produce and permit the Plaintiff to inspect/copy any non-priveleged [sic] documentation which would show any possible link between any dangerous contraband confiscated/seized from any 'CSP-Corcoran SHU Kitchen' prison worker and said contraband having been employed to harm/poses any veri[f]iable threat to any person/property; as well as any documentation which details the search procedures enforced at other CDCR prisons' 'Work Exchange' locations concerning prisoners returning from work at the end of the shift."  (Id. at p. 2).

On January 17, 2017, Plaintiff filed a notice regarding the motion to compel.  (ECF No. 82).  According to the notice, Plaintiff spoke with counsel for Defendant (Mr. Lee), and Mr. Lee agreed that an attempt would be made to produce the documents sought by Plaintiff, even though Mr. Lee did not believe that the documents were relevant.

On January 18, 2017, Defendant filed an opposition to the motion to compel.  (ECF No.

81).   According to Defendant, Plaintiff never requested a production of documents under Federal Rule of Civil Procedure 34.   Instead, Plaintiff filed a motion to compel.   Additionally, Defendant argues that even if Plaintiff's motion to compel is construed as a request for production of documents, it is untimely because it was served after the cutoff of December 18, 2016.

## II.   APPLICABLE RULES AND LAW

The Court is vested with broad discretion to manage discovery.   Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).   Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action.   Fed. R. Civ. P. 26(b)(1) (quotation marks omitted).   Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.   Id. (quotation marks omitted).

If the propounding party receives responses to discovery that are insufficient, he or she may move to compel further responses.   Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified.   E.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack v. Virga, No. CIV S-11-1030 MCE, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011); Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 102CV-05646AWI-SMSPC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).   This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.   Grabek, 2012 WL 113799 at *1; Womack, 2011 WL 6703958 at *3; Mitchell, 2010 WL 3835765 at *2; Ellis, 2008 WL 860523 at *4.

Additionally, the Court issued an order in this case that parties must serve discovery requests and file a motion to compel if the responses were legally unsatisfactory: "[d]iscovery

propounded on a party is self−executing, and must be served directly on the party from whom discovery is sought; parties should not file copies of their discovery with the court.   Local Rules 250.2, 250.3, 250.4. <u>Discovery documents [] inappropriately submitted to the court will be returned or stricken</u>.   Where the response to discovery is unsatisfactory, the party seeking discovery may file a motion to compel discovery, including a copy of the discovery propounded and the response thereto.   Fed. R. Civ. P. 3[7].   A motion to compel must be accompanied by 'a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.'   Fed. R. Civ. P. 37(a)([1])[].   <u>A discovery motion that does not comply with all applicable rules will be stricken and may result in imposition of sanctions</u>." (First Information Order in Prisoner Civil Rights Case, ECF No. 3, pgs. 4-5).

## III.   ANALYSIS

Plaintiff has not complied with the Court's order regarding discovery because Plaintiff filed a motion to compel before propounding a discovery request on Defendant.   Additionally, even if the Court were to treat the motion to compel as a discovery request, it appears that it was not timely filed.   (ECF No. 71, p. 2).   Accordingly, Plaintiff's motion to compel will be denied.

However, given that the motion was filed approximately two weeks after the deadline, Defendant had notice of Plaintiff's attempt to get documents from Defendant, the delay does not appear to prejudice Defendant or the rest of the schedule in this case, the Court will give Plaintiff 30 days from the date of service of this order to propound a formal discovery request formally asking defendants for only the documents discussed in the motion to compel (or a subset of those documents).   Defendant will have 45 days from the date of service of the discovery request to respond.   Plaintiff will have 45 days from the date of service of the response to the discovery request to file a motion to compel, if one is necessary.[1]

---

[1] In order to guide the parties, the Court notes that the documents regarding search procedures in particular appear relevant and discoverable.   Additionally, it appears that Defendant has already agreed to provide the requested documents.   It is the Court's hope that this issue can be resolve without a motion to compel.

**IV.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED THAT:

1.  Plaintiff's motion to compel, (ECF No. 80) is DENIED without prejudice; and

2.  Plaintiff has 30 days from the date of service of this order to propound a formal discovery request.  The discovery request may only include the same requests that were in the motion to compel.  Defendant has 45 days from the date of service of the discovery request to respond.  Plaintiff has 45 days from the date of service of the response to the discovery request to file a motion to compel, if one is necessary.

3.  Except as so modified to allow this limited discovery, the remainder of the Court's scheduling order, (ECF No. 71) remains in effect.

IT IS SO ORDERED.

Dated:   __February 10, 2017__          _____/s/ Erica P. Grosjean_____

                                        UNITED STATES MAGISTRATE JUDGE