# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON BLACHER,<br><br>    Plaintiff,<br><br>    v.<br><br>S. JOHNSON,<br><br>    Defendant. | Case No.  1:12-cv-01159-EPG (PC)<br><br>ORDER DENYING REQUEST TO AMEND WRIT OF HABEAS CORPUS AD TESTIFICANDUM<br><br>(ECF No. 89) |

Plaintiff Marlon Blacher, proceeding pro se and in forma pauper, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 16, 2012.  This matter is currently set for a settlement conference before the undersigned on April 18, 2017, at 10:30 a.m. in Courtroom 9.  On March 9, 2017, an order and writ of habeas corpus ad testificandum issued commanding the warden to transport Plaintiff for the settlement conference.  On March 22, 2017, Plaintiff filed a motion requesting the March 9, 2017 order be amended to allow him to make a telephonic or video appearance at the settlement conference.[1]

---

[1] Plaintiff's filings contain archaic legal and irrelevant verbiage, commonly associated with the common law pleading practice, that serves no purpose in modern pleading practice. Some of plaintiff's verbiage is not even common law verbiage and is simply irrelevant   Plaintiff is advised that common law pleading and procedural practice has long been abolished by the adoption of the Federal Rules of Civil Procedure in 1937, and it is no longer necessary to recite archaic and complex legal terms in pleadings filed with the Court. See 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1181 (3d ed. 2012) (discussing modern "simple and elastic pleading and motion procedure ... placing a minimum emphasis on form" and the abolishment of "ancient procedural dogma").

1

Plaintiff argues that the Court should allow him to appear by telephone or video pursuant to 42 U.S.C. 1997e(f)(1). Section 1997e(f)(1) applies to inmates challenging their conditions of confinement and provides that '[t]o the extent practicable" pretrial proceedings in which an inmate's participation is required or permitted shall be conducted by telephone, video conference, or other telecommunications technology without removing the inmate from the facility in which he is confined.

Generally, the Court allows inmates to appear telephonically for all pretrial proceedings, however, the Court finds that settlement conference are not productive without the ability to have face to face contact with the participants. For this reason, the Court requires parties to personally appear for settlement conferences. Plaintiff requests that he be allowed to appear by video, however, the Court's past experience has demonstrated that the California Department of Corrections video conferencing system can be unreliable; and therefore, is insufficient for the purposes of conducting a settlement conference. Therefore, the Court finds that it is not practicable to allow an inmate to appear by video conference at a settlement conference

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to alter or amend the order and writ is DENIED.

IT IS SO ORDERED.

Dated:   **March 23, 2017**

UNITED STATES MAGISTRATE JUDGE