UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON BLACHER,<br><br>        Plaintiff,<br><br>    v.<br><br>S. JOHNSON,<br><br>        Defendant. | Case No. 1:12-cv-01159-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION<br>(ECF NOS. 112 & 113) |

Marlon Blacher ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On June 28, 2017, Plaintiff filed a motion for reconsideration of the Court's order denying Plaintiff's motion for enlargement of time to file dispositive motions (ECF No. 112) and a motion for reconsideration of the Court's order denying Plaintiff's motion for change of venue and petition for full disclosure (ECF No. 113).

Federal Rule of Civil Procedure 60(b) governs grounds for relief from an order:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called

1

intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

As to Rule 60(b)(6), Plaintiff "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). Additionally, Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." (Id.) (internal quotations marks and citation omitted).

Plaintiff's motions will be denied. Plaintiff has failed to set forth facts or law that shows that he meets any of the above-mentioned reasons for granting relief from either order.

Accordingly, based on the foregoing, IT IS ORDERED that Plaintiff's motions for reconsideration (ECF Nos. 112 & 113) are DENIED.

IT IS SO ORDERED.

Dated: **June 29, 2017**

/s/ Erin P. Gross
UNITED STATES MAGISTRATE JUDGE