UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON BLACHER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>S. JOHNSON,<br><br>　　　　　Defendant. | Case No. 1:12-cv-01159-EPG (PC)<br><br>ORDER REQUIRING PLAINTIFF TO RESUBMIT DECLARATION<br>(ECF NO. 114) |

On June 28, 2017, Plaintiff filed his objection to Defendant's motion for summary judgment. (ECF No. 114). As evidence, Plaintiff included his "Affidavit to Support the Plaintiff's Response." (Id. at pgs. 23-25). However, Plaintiff did not sign the declaration under penalty of perjury. Instead, Plaintiff stated "The undersigned Affiant, **Marlon-Jessie: Blacher,** i.e. "the Undersigned," does herewith certify and attest on the Undersigned's unlimited-liability that the Undersigned issues this Affidavit with sincere intent, that the Undersigned is competent to state the matters set forth herein, that the contents are true, correct, complete, and certain, admissible as evidence, not misleading, and the truth, the whole truth, and nothing but the truth to the best of the Undersigned's knowledge, understanding, and in accord with the Undersigned's firmly held spiritual convictions and creed re God Almighty." (Id. at 25).

To be admissible, a declaration must be subscribed by the declarant as true under penalty of perjury, in substantially the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." 28 U.S.C. § 1746. Specifically, Section 1746 states as follows:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, ***as true under penalty of perjury***, and dated, in substantially the following form:
>
> **(1)** If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).
> (Signature)".
> **(2)** If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
> (Signature)".

28 U.S.C.A. § 1746 (emphasis added).

"Although a lack of swearing to the declaration may not be a fatal defect, the declaration must be made under penalty of perjury and must be attested to be true." Weldon v. Anaya, No. 115CV00856DADMJS, 2017 WL 1349005, at *2 (E.D. Cal. Apr. 6, 2017) (citing Cobell v. Norton, 310 F.Supp.2d 77, 84 (D.D.C. 2004).

While Plaintiff does attest that the statements in his declaration (which Plaintiff refers to as an affidavit) are true and correct, he does not do so under penalty of perjury. This is a fatal defect. However, the Court will give Plaintiff the opportunity to resubmit his declaration. See Fed. R. Civ. P. 56(e)(1), (4).

Therefore, based on the foregoing, IT IS ORDERED that Plaintiff has fourteen days from the date of service of this order to resubmit his declaration in support of his objection to

Defendant's motion for summary judgment.

If Plaintiff fails to respond the Court will disregard the evidence in Plaintiff's declaration in considering Defendant's motion for summary judgment.

IT IS SO ORDERED.

Dated: **June 29, 2017**    /s/ Erin P. Gregory
UNITED STATES MAGISTRATE JUDGE