| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| MARLON BLACHER,<br><br>    Plaintiff,<br><br>v.<br><br>S. JOHNSON,<br><br>    Defendant. | Case No. 1:12-cv-01159-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL<br><br>(ECF NO. 123) |

Marlon Blacher ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On September 1, 2017, Plaintiff filed what the Court construes as a motion for appointment of pro bono counsel. (ECF No. 123).

Plaintiff asks for appointment of counsel because he has no formal training in the law, because he has limited access to the "plainly inadequate law library," because he is unable to perform an adequate pre-trial investigation, because he is unable to procure and interview witnesses, and because he is unable to afford counsel.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28

U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." <u>Id.</u> (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time. Plaintiff's motion focuses on his need for counsel because he is unable to adequate prepare for trial. However, there is a fully briefed dispositive motion awaiting ruling by the Court (ECF No. 106). Therefore, there may not be a trial in this case.

Additionally, the Court has reviewed the record in this case, and at this time the Court cannot make a determination that Plaintiff is likely to succeed on the merits of his claim. Moreover, based on the record, it appears that Plaintiff can adequately articulate his claim and respond to Court orders.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: __**September 5, 2017**__     _____/s/ Erin P. Gibson_____
                                       UNITED STATES MAGISTRATE JUDGE