UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON BLACHER,<br><br>    Plaintiff,<br><br>v.<br><br>S. JOHNSON,<br><br>    Defendant. | Case No. 1:12-cv-01159-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>(ECF NO. 124) |

**I.      BACKGROUND**

Marlon Blacher ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Both parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]  (ECF Nos. 5 & 26).  This case now proceeds

---

[1] As Magistrate Judge Gary S. Austin noted (ECF No. 29, p. 1 n. 1), "[o]n July 30, 2012, Plaintiff filed a form consenting to the jurisdiction of a Magistrate Judge. (Doc. 5.) On October 15, 2013, Defendant Johnson filed a form consenting to the jurisdiction of a Magistrate Judge. (Doc. 26.) Subsequently, on October 30, 2013, Plaintiff filed a form declining the jurisdiction of a Magistrate Judge. (Doc. 27.) Plaintiff may not withdraw his consent in this manner. Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn only by the district court, and only 'for good cause shown on its own motion, or under extraordinary circumstances shown by any party.' Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) (quoting Fellman v. Fireman's Fund Ins. Co., 735 F.2d 55, 58 (2d Cir.1984)); 28 U.S.C. § 636(c)(6); Fed. R. Civ. P. 73(b). There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge. Dixon at 480. Plaintiff has not shown any extraordinary circumstances to justify withdrawal of his consent."

1

on Plaintiff's complaint (ECF No. 1) against Chief Deputy Warden S. Johnson ("Defendant") on Plaintiff's claim relating to an unclothed body search. (ECF No. 20).

On September 1, 2017, Plaintiff filed a motion for judgment on the pleadings ("the Motion"). (ECF No. 124). The Motion will be denied because Plaintiff has not shown that he is entitled to judgment on the pleadings, and because the Motion appears to be a late filed motion for summary judgment.

## II. LEGAL STANDARDS

"Judgment on the pleadings is proper when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law. All allegations of fact by the party opposing the motion are accepted as true, and are construed in the light most favorable to that party. As a result, a plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery. Similarly, if the defendant raises an affirmative defense in his answer it will usually bar judgment on the pleadings." Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989) (internal citation omitted).

"[J]udgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989). See also Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

## III. DISCUSSION

The Motion will be denied. The Motion does not cite to, or even mention, the pleadings in this case. Accordingly, Plaintiff has failed to show that, based on the pleadings, he is entitled to judgment as a matter of law.

In fact, the Motion does not appear to be a motion for judgment on the pleadings at all. Instead, it appears to be an attempt to get around the summary judgment motion deadline, which

was May 31, 2017 (ECF No. 71, p. 4). Plaintiff asked for an extension of this deadline, but his request was denied. (ECF No. 104). Apparently in an attempt to get around this missed deadline, Plaintiff filed what he called a motion for judgment on the pleadings (no deadline was set for the filing of motions for judgment on the pleadings), but what appears to be a motion for summary judgment. The Motion is based on allegedly undisputed facts, Plaintiff attempted to support those facts through the filing of a declaration (which is generally inappropriate in a motion for judgment on the pleadings),[2] and Plaintiff cited to law regarding summary judgment (ECF No. 124, p. 4).

Therefore, to the extent that the Motion is actually a motion for summary judgment, the Motion will be denied as untimely.

IV. **CONCLUSION**

Accordingly, based on the foregoing, IT IS ORDERED that Plaintiff's motion for judgment on the pleadings (ECF No. 124) is DENIED.

IT IS SO ORDERED.

Dated: **September 5, 2017**　　　　　/s/ Eric P. Groig
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[2] While Plaintiff stated that the facts he provided were supported by a declaration that he filed with the motion for judgment on the pleadings (ECF No. 124, p. 6), no declaration was actually filed.

3