# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

MARLON JESSIE BLACHER,

    Plaintiff,

  v.

S. JOHNSON,

    Defendant.

Case No. 1:12-cv-01159-EPG (PC)

ORDER DENYING PLAINTIFF'S MOTIONS/REQUESTS FOR RELIEF

(ECF NOS. 160, 161, 162, 166, & 167)

Marlon Blacher ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Both parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] The case settled (ECF No. 150), and the parties filed a stipulation for dismissal of this action with prejudice (ECF No. 151).

On May 14, 2018, Plaintiff filed a "Presentment to Cancel Written Instruments." (ECF No. 160). On October 15, 2018, Plaintiff filed an "Alternative Motion to Compel Performance of the Terms set by the Settlement Contract" and a "Presentment for Entry of Default." (ECF

---

[1] As Magistrate Judge Gary S. Austin noted, "[o]n July 30, 2012, Plaintiff filed a form consenting to the jurisdiction of a Magistrate Judge. (Doc. 5.) On October 15, 2013, Defendant Johnson filed a form consenting to the jurisdiction of a Magistrate Judge. (Doc. 26.) Subsequently, on October 30, 2013, Plaintiff filed a form declining the jurisdiction of a Magistrate Judge. (Doc. 27.) Plaintiff may not withdraw his consent in this manner. Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn only by the district court, and only 'for good cause shown on its own motion, or under extraordinary circumstances shown by any party.' Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) (quoting Fellman v. Fireman's Fund Ins. Co., 735 F.2d 55, 58 (2d Cir.1984)); 28 U.S.C. § 636(c)(6); Fed. R. Civ. P. 73(b). There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge. Dixon at 480. Plaintiff has not shown any extraordinary circumstances to justify withdrawal of his consent." (ECF No. 29, p. 1 n.1).

Nos. 161 & 162). On October 30, 2018, Defendant filed a response to Plaintiff's Presentment to Cancel Written Instruments and Alternative Motion to Compel Performance. (ECF No. 164). On November 19, 2018, Plaintiff filed a reply to Defendant's response. (ECF No. 165). On November 28, 2018, Plaintiff filed a "Notice to Support the Plaintiff's Presentment to Cancel Written Instruments." (ECF No. 166). On November 30, 2018, Plaintiff filed a "Notice Regarding Ongoing Conspiracy Against the Rights of the Plaintiff and Petition for Remedy." (ECF No. 167).

For the reasons described below, Plaintiff's motions/requests will be denied.

## I. BACKGROUND

Magistrate Judge Carolyn K. Delaney conducted a settlement conference in this case on March 13, 2018. (ECF No. 150). Plaintiff was represented by appointed counsel Milton Mullanax.

After a settlement had been reached, the settlement judge asked Plaintiff on the record if he understood that he agreed to resolve this case (and two others) on the terms set forth in the settlement agreement. (ECF No. 154, pgs. 2-3). Plaintiff responded "yes." (Id. at 3). Plaintiff was asked if he had any questions, and Plaintiff responded, "Not that I can think of right now, no." (Id.). Finally, the settlement judge asked Plaintiff "An [sic] you were represented today ably by Mr. Mullanax. Do you feel you had enough time to talk to Mr. Mullanax?" (Id. at 4). Plaintiff responded, "Yes." The case settled (ECF No. 150), and the parties filed a stipulation for dismissal of this action with prejudice (ECF No. 151)

## II. PLAINTIFF'S MOTIONS/REQUESTS FOR RELIEF

On May 14, 2018, Plaintiff filed a Presentment to Cancel Written Instruments, in which Plaintiff alleges that he signed the settlement agreement on the advice of counsel. (ECF No. 160, p. 2). When signing, he added the phrase "Without Prejudice." (Id.).

After signing the settlement agreement, Plaintiff was taken to a room at CSP-Solano where, on a table, there was a Walkman-style CD player without headphones, a fan, and a guitar. (Id. at 2-3). Plaintiff was told that to get the items, he had to sign documents without any language included with the signature. (Id. at 3). He was allowed to call his appointed

counsel, and did so. (Id.). Plaintiff argued that the Walkman device is not the proper CD player to be rendered, and his counsel agreed. (Id.). Plaintiff's counsel also told him that he did not need to include the phrase "Without Prejudice" when signing his name. (Id.). Plaintiff ultimately declined to re-sign the documents.

Prior to the settlement conference, Plaintiff met with his counsel. (Id.). While discussing restitution, Plaintiff told his counsel that he heard somewhere that the victim's family brought suit against Toys R' Us, and was awarded monetary compensation from said suit, and that because of this, the restitution award was extinguished by operation of law. (Id.). Plaintiff's counsel told Plaintiff he would research the issue and get back to Plaintiff, but never did. (Id. at 4). At the settlement conference, Plaintiff mentioned what he heard to the settlement judge, and the judge told him that restitution is still valid even if a victim's family wins a civil suit. (Id.).

At the settlement conference Plaintiff also brought up California Civil Code § 52(b)(2). (Id.). His counsel admitted that he was not familiar with this section, but stated that he does not believe it applies to this action. (Id.). Plaintiff's counsel told Plaintiff that he would research this matter and get back to him, but he never did.

On or about April 3, 2018, the judge who conducted the settlement conference called for a telephonic conference concerning the matter of Plaintiff declining to sign the stipulation for voluntary dismissal without including the phrase "Without Prejudice." (Id.). Plaintiff stated that he did not consent to sign any documents with a standalone signature (he wanted to include the phrase "Without Prejudice" next to his signature). (Id. at 4-5). The settlement judge told Plaintiff that not placing a standalone signature showed bad faith on his part, and that Defendant had done everything that he was supposed to do. (Id. at 5). Plaintiff alleges that court employees are inherently predisposed to find good faith in every act of the California Department of Corrections and Rehabilitation ("CDCR") and its employees, while easily finding fault with the acts of a *pro se* prisoner. (Id.).

Plaintiff mentioned the CD player discrepancy to the settlement judge, who replied by saying that if the device plays CDs then Defendant complied with the pertinent settlement

agreement. (Id.).

Plaintiff continued to say that he would not sign the documents, and the settlement judge responded by saying that if you do not sign the documents, Defendant will file a motion to enforce the settlement agreement, and I will grant it. (Id.). The settlement judge told Plaintiff that things would get harder for him if he did not sign the documents. (Id.). As Plaintiff did not want the settlement judge to make things harder on him, Plaintiff signed the documents. (Id. at 6).

One reason Plaintiff did not want to sign the documents is because the documents used "all-capital-letters" to indicate Plaintiff's name. (Id.). The documents also included false information, such as adding numbers to Plaintiff's name (even though there are no numbers in his name) and referring to Plaintiff as a California resident when he is not a California resident. (Id.).

Plaintiff argues that no competent attorney would advise his client to sign a document that includes false numbers with his client's name, or that calls his client a California resident even though said client declares himself a "National from the Illinois Republic." (Id. at 7).

Plaintiff also alleges that as of April 25, 2018, the items to be delivered to Plaintiff under the settlement agreement had not yet been delivered. (Id. at 15).

After Defendant failed to timely respond to Plaintiff's "Presentment to Cancel Written Instruments," Plaintiff filed a "Presentment for Entry of Default." (ECF No. 162). In the Presentment for Entry of Default, Plaintiff states that the reason he wants to cancel the settlement agreement is because "the circumstances concerning the settlement contracts entered in this cause involve fraud, duress, and undue influence…." (Id. at 2).

On the same day Plaintiff filed his "Presentment for Entry of Default," he also filed an "Alternative Motion to Compel Performance of the Terms Set by the Settlement Contract." (ECF No. 161). In the event that the Court declines to enter Defendant's default and/or declines to "cancel written instruments," Plaintiff asks the Court to compel Defendant to render to Plaintiff the monetary sum expressed in the settlement agreement. (Id. at 1).

Finally, Plaintiff filed a "Notice to Support Plaintiff's Presentment to Cancel Written

Instruments" and a "Notice Regarding Ongoing Conspiracy Against the Rights of the Plaintiff and Petition for Remedy." (ECF Nos. 166 & 167). According to Plaintiff, certain officers at his current institution of confinement are conducting unconstitutional/retaliatory searches. (Id.). Plaintiff argues that the fact that these officers are conducting unconstitutional searches shows that the settlement agreement is inadequate because it did not include any measures to provide protection from such searches. (ECF No. 166, p. 3). Plaintiff also states that he was suffering mental and emotional distress during the settlement conference, which affected his ability to reason and focus, because the officers who transported him seemed to harbor "hatred/disdain" for him. (Id. at 3-4).

### III. DEFENDANT'S RESPONSE TO PLAINTIFF'S PRESENTMENT TO CANCEL WRITTEN INSTRUMENTS AND ALTERNATIVE MOTION TO COMPEL PERFORMANCE AND PLAINTIFF'S REPLY

Defendant states that the terms of the settlement agreement have not been fulfilled, but through no fault of Defendant or the CDCR. (ECF No. 164, p. 1). "Consistent with the settlement agreement, Plaintiff was offered a fan, a CD Player, headphones, and a guitar on May 4, 2018 and he declined to accept receipt." (Id.). As to the monies owed to Plaintiff, the CDCR "dispensed the funds from this settlement to Plaintiff's trust account on July 25, 2018, well within the 180-day provision in the agreement." (Id. at 1-2).

In Plaintiff's reply, Plaintiff asks for sanctions to be imposed on Defendant under Federal Rule of Civil Procedure 11 because Defendant presented pleadings to an "all-capital-letter court that is without mention throughout Title 28," because the pleadings "also fraudulently name some all-capital-letters, fictitious, plaintiff that is not the Plaintiff," and because Defendant "failed to deny and therefore admitted the matters expressed via the Plaintiff's aforementioned Affidavit of Corporate Denial." (ECF No. 165, pgs. 2-3). Moreover, Plaintiff argues that Defendant's counsel attested to matters that he cannot possibly have personal knowledge of and that Defendant's counsel's declaration should be stricken. (Id.

///

///

5

at 4).[2]

**IV. DISCUSSION**

   **A. Legal Standards**

"The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." United Commercial Ins. Serv., Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir. 1992) (quoting Jeff D. v. Andrus, 899 F.2d 753, 759 (9th Cir.1989)) (internal quotation marks omitted). "Under California law, settlement agreements are governed by general principles of contract law." Adams v. Johns-Manville Corp., 876 F.2d 702, 704 (9th Cir. 1989).

The Court has inherent authority to enforce settlement agreements between the parties in cases pending before it. See Metronet Services Corp. v. U.S. West Communications, 329 F.3d 986, 1013-1014 (9th Cir. 2003), cert. granted and judgment vacated on other grounds, Quest Corp. v. Metronent Services Corp., 540 U.S. 1147 (2004); Doi v. Halekulani Corporation, 276 F.3d 1131, 1136-1138 (9th Cir. 2002). To enforce a settlement agreement, two elements must be satisfied. First, the settlement agreement must be complete. See Maynard v. City of San Jose, 37 F.3d 1396, 1401 (9th Cir. 1994); Doi, 276 F.3d at 1137. Second, the settlement agreement must be the result of an agreement of the parties or their authorized representatives concerning the terms of the settlement. See Harrop v. Western Airlines, Inc., 550 F.2d 1143, 1144-1145 (9th Cir. 1977); Doi, 276 F.3d at 1137-1138.

Once a party enters into a binding settlement agreement, that party cannot unliterally decide to back out of the agreement. See, e.g., Doi, 276 F.3d 1131; Spitzer v. Aljoe, 734 F. App'x 457 (9th Cir. 2018); Gastile v. Virga, 2015 WL 13065433, at *2 (E.D. Cal. Feb. 10, 2015), report and recommendation adopted, 2015 WL 13065220 (E.D. Cal. June 10, 2015), aff'd, 670 F. App'x 526 (9th Cir. 2016). "At a time where the resources of the federal judiciary… are strained to the breaking point, we cannot countenance a plaintiff's agreeing to settle a case in open court, then subsequently disavowing the settlement when it suits [him].

---

[2] The Court will not address Plaintiff's arguments related to the constitutionality of the operation of his prison trust account in this action. If Plaintiff believes that his trust account is being operated in a manner that violates the constitution, he may file a separate action.

6

The courts spend enough time on the merits of litigation; we need not (and therefore ought not) open the flood gates to this kind of needless satellite litigation." Doi, 276 F.3d at 1141.

However, under California law, a party can rescind a contract if his consent "was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party." Cal. Civ. Code § 1689.

**B.  Analysis**

All of Plaintiff's motions/requests for relief will be denied.[3]

As to Plaintiff's Presentment to Cancel Written Instruments, which appears to be a motion to rescind the settlement contract, Plaintiff has failed to show that his consent "was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party." Cal. Civ. Code § 1689.  In fact, the settlement judge asked Plaintiff on the record if he understood that he agreed to resolve this case (and two others) on the terms set forth in the settlement agreement, and Plaintiff responded "yes." (ECF No. 154, p. 3).  Plaintiff was asked if he had any questions, and Plaintiff responded, "Not that I can think of right now, no." (Id.).  Finally, the settlement judge asked Plaintiff "An [sic] you were represented today ably by Mr. Mullanax.  Do you feel you had enough time to talk to Mr. Mullanax?" (Id. at 4).  Plaintiff responded, "Yes." (Id.).  There is no indication in the record that Plaintiff's consent was obtained through duress, menace, fraud, or undue influence.

Additionally, Plaintiff complains of actions by the settlement judge and his appointed counsel, neither of whom were parties to the contract.  "Even if Plaintiff was unduly influenced by the Court's negotiation between the parties, the [settlement judge] is neither a party to the settlement nor jointly interested with any party to the settlement.  The Court participated in the settlement conference as a neutral mediator between the parties in this action.  The parties agreed to participate in settlement discussions and… reached an agreement.  Plaintiff cannot

---

[3] While the Court cannot enter Defendant's default because Defendant failed to respond to a motion/request for relief, the Court may treat Defendant's failure to respond as a waiver of opposition to the granting of the motion. Local Rule 230(l).  However, the Court declines to do so here.

rescind the agreement based upon the participation of a neutral mediator to the proceedings." Davenport v. Korik, 2016 WL 6039027, at *6 (E.D. Cal. Oct. 14, 2016).

Finally, while Plaintiff has numerous complaints about the settlement process and the settlement agreement, Plaintiff does not appear to argue that he was coerced or tricked into signing an agreement with material terms that he did not agree to. See, e.g., Contra Costa Cty. Title Co. v. Waloff, 184 Cal. App. 2d 59, 65 (Ct. App. 1960) (emphasis added) ("One seeking rescission on account of fraud must be actually deceived by misrepresentation of a *material fact* and the other party must have intended to deceive by a misrepresentation of such *material fact*. Further, the party seeking to rescind must rely upon the fraudulent representation to his injury and damage before he can have the contract rescinded."); Dyke v. Zaiser, 80 Cal. App. 2d 639, 650 (1947) (emphasis added) ("If one *material* statement be false it is sufficient ground for rescission."). In fact, Plaintiff hardly complains about the terms of the settlement at all.[4] Instead, his complaints largely center around irrelevant issues, such as his name being in all capital letters, or that he was coerced into signing his name without including the phrase "Without Prejudice."[5] These complaints do not warrant allowing Plaintiff to rescind the settlement agreement. While Plaintiff might have had a legitimate complaint if he was provided with a Walkman-style CD player without headphones, it appears that Plaintiff was (eventually) offered headphones.[6]

As stated by the court in Doi, "[a]t a time where the resources of the federal judiciary… are strained to the breaking point, we cannot countenance a plaintiff's agreeing to settle a case in open court, then subsequently disavowing the settlement when it suits [him]. The courts

---

[4] It is only in his Notice to Support the Plaintiff's Present to Cancel Written Instruments, which he filed over six months after his motion to rescind the settlement agreement, that Plaintiff laid out terms he wanted included in the settlement agreement.

[5] The Court doubts Plaintiff's allegation that the settlement judge threatened Plaintiff to get him to sign the agreement without the phase "Without Prejudice," and the transcript of the hearing does not bear out Plaintiff's allegation. However, even if it were true and Plaintiff felt forced to sign his name without including the phrase "Without Prejudice," the fact that Plaintiff was not allowed to include the phrase near his signature is not material to the agreement.

[6] As the settlement judge allegedly stated, the settlement called for Plaintiff to get a CD player, and Plaintiff was offered an item that played CDs. Accordingly, the Court finds that Defendant complied with this term of the settlement agreement.

spend enough time on the merits of litigation; we need not (and therefore ought not) open the flood gates to this kind of needless satellite litigation." 276 F.3d at 1141.

Therefore, based on the foregoing, the Court will deny Plaintiff's motion to rescind the settlement agreement.

As to Plaintiff's Alternative Motion to Compel Performance of the Terms set by the Settlement Contract, it will be denied as moot because it appears that Plaintiff already received the relief he was seeking. Plaintiff stated that he has not received the settlement funds, but Defendants provided evidence, in the form of Plaintiff's trust account statement, showing that Plaintiff received the funds (ECF No. 164-1, pgs. 7-9). Moreover, in Plaintiff's subsequent filings, Plaintiff appears to admit that he received the funds. Accordingly, this motion will be denied as well.

As to Plaintiff's request for sanctions, Plaintiff has failed to show that Rule 11 sanctions are appropriate. Accordingly, this request will be denied.

Finally, as to Plaintiff's allegations that correctional officers at his current institution of confinement are conducting unconstitutional/retaliatory searches, if Plaintiff believes his constitutional rights are being violated he should file a separate action. The incidents alleged in Plaintiff's Notice to Support Plaintiff's Presentment to Cancel Written Instruments and Notice Regarding Ongoing Conspiracy Against the Rights of the Plaintiff and Petition for Remedy do not relate to Defendant, and occurred at a different institution of confinement than the incidents alleged in this case. Accordingly, the Court will not address these allegations in this action.

**V. ORDER**

For the foregoing reasons, IT IS ORDERED that Plaintiff's requests and motions (ECF Nos. 160, 161, 162, 166, & 167) are DENIED.

IT IS SO ORDERED.

Dated: **December 10, 2018**              /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE