UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON JESSIE BLACHER,<br><br>   Plaintiff,<br><br> v.<br><br>S. JOHNSON,<br><br>   Defendants. | Case No. 1:12-cv-01159-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS<br><br>(ECF NOS. 170, 172, & 173) |

  Marlon Blacher ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Both parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] On December 26, 2018, Plaintiff filed what the Court construes as a motion for reconsideration of the Court's order dated December 10,

---

[1] As Magistrate Judge Gary S. Austin noted, "[o]n July 30, 2012, Plaintiff filed a form consenting to the jurisdiction of a Magistrate Judge. (Doc. 5.) On October 15, 2013, Defendant Johnson filed a form consenting to the jurisdiction of a Magistrate Judge. (Doc. 26.) Subsequently, on October 30, 2013, Plaintiff filed a form declining the jurisdiction of a Magistrate Judge. (Doc. 27.) Plaintiff may not withdraw his consent in this manner. Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn only by the district court, and only 'for good cause shown on its own motion, or under extraordinary circumstances shown by any party.' Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) (quoting Fellman v. Fireman's Fund Ins. Co., 735 F.2d 55, 58 (2d Cir.1984)); 28 U.S.C. § 636(c)(6); Fed. R. Civ. P. 73(b). There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge. Dixon at 480. Plaintiff has not shown any extraordinary circumstances to justify withdrawal of his consent." (ECF No. 29, p. 1 n.1).

1

2018. (ECF No. 170). On that same day Plaintiff filed a petition that full disclosure of any remedy/relief available to the Plaintiff regarding order be rendered forthwith. (ECF No. 172). On January 2, 2019, Plaintiff filed a motion for reconsideration. (ECF No. 173).

Federal Rule of Civil Procedure 60(b) governs grounds for relief from an order:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

As to Rule 60(b)(6), Plaintiff "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). Additionally, Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." (Id.) (internal quotations marks and citation omitted).

Plaintiff's motions for reconsideration will be denied. Plaintiff has failed to set forth facts or law that show that he meets any of the above-mentioned reasons for granting relief from the order.

As to Plaintiff's petition that full disclosure of any remedy/relief available to the Plaintiff regarding order be rendered forthwith, it will also be denied. The Court is not Plaintiff's counsel, and will not advise him on how to proceed. Moreover, it appears that Plaintiff already knows how to seek relief from an order. He filed a motion for reconsideration of the order he is currently challenging, and has successfully appealed at least one prior court order (see ECF Nos. 9, 17, & 19).

Accordingly, IT IS ORDERED that Plaintiff's motions for reconsideration and his petition that full disclosure of any remedy/relief available to the Plaintiff regarding order be rendered forthwith are DENIED.

IT IS SO ORDERED.

Dated: **January 7, 2019**    /s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE