# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON JESSIE BLACHER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>S. JOHNSON,<br><br>　　　　Defendant. | Case No. 1:12-cv-01159-EPG (PC)<br><br>Appeal No. 19-15141<br><br>ORDER REGARDING *IN FORMA PAUPERIS* STATUS ON APPEAL AND DIRECTING CLERK TO SERVE A COPY OF THIS ORDER ON THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT<br><br>(ECF No. 179) |

Marlon Blacher ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Both parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

On December 26, 2018, Plaintiff filed what the Court construed as a motion for reconsideration of the Court's order dated December 10, 2018 (which denied numerous requests

---

[1] As Magistrate Judge Gary S. Austin noted, "[o]n July 30, 2012, Plaintiff filed a form consenting to the jurisdiction of a Magistrate Judge. (Doc. 5.) On October 15, 2013, Defendant Johnson filed a form consenting to the jurisdiction of a Magistrate Judge. (Doc. 26.) Subsequently, on October 30, 2013, Plaintiff filed a form declining the jurisdiction of a Magistrate Judge. (Doc. 27.) Plaintiff may not withdraw his consent in this manner. Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn only by the district court, and only 'for good cause shown on its own motion, or under extraordinary circumstances shown by any party.' Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) (quoting Fellman v. Fireman's Fund Ins. Co., 735 F.2d 55, 58 (2d Cir.1984)); 28 U.S.C. § 636(c)(6); Fed. R. Civ. P. 73(b). There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge. Dixon at 480. Plaintiff has not shown any extraordinary circumstances to justify withdrawal of his consent." (ECF No. 29, p. 1 n.1)

1

from Plaintiff, including his request to rescind the settlement contract). (ECF No. 170). On that same day Plaintiff filed a petition that full disclosure of any remedy/relief available to the Plaintiff regarding order be rendered forthwith. (ECF No. 172). On January 2, 2019, Plaintiff filed another motion for reconsideration. (ECF No. 173).

On January 7, 2019, the Court denied these requests. (ECF No. 174). On January 22, 2019, Plaintiff appealed the January 7, 2019 order. (ECF No. 176). On February 4, 2019, the Ninth Circuit Court of Appeals referred the matter back to this Court for the limited purpose of determining whether *in forma pauperis* status should continue for the appeal. (ECF No. 179).

In addition to filing a notice of appeal, Plaintiff filed his objections to the Court's January 7, 2019 order. (ECF No. 175). His objections include that the Court lacks jurisdiction because it is an "all-capital-letter court that is not mentioned throughout positive law…," and that the order improperly named Plaintiff because it uses all-capital-letters. (Id. at 2). These are similar to the arguments Plaintiff has made before. As the Court noted in the December 10, 2018 order, "Plaintiff hardly complains about the terms of the settlement at all. Instead, his complaints largely center around irrelevant issues, such as his name being in all capital letters, [and] that he was coerced into signing his name without including the phrase 'Without Prejudice.'" (ECF No. 168, p. 8) (footnotes omitted).

As Plaintiff's arguments were and are wholly without merit, the Court finds that Plaintiff's appeal is frivolous.

Accordingly, IT IS HEREBY ORDERED that:

1. The appeal is declared frivolous;
2. Pursuant to 28 U.S.C. § 1915(a)(3), Plaintiff is not entitled to proceed *in forma pauperis* in Appeal No. 19-15141;
3. Pursuant to Federal Rule of Appellate Procedure 24(a)(4), this order serves as notice to the parties and the United States Court of Appeals for the Ninth Circuit of the finding that Plaintiff is not entitled to proceed *in forma pauperis* for this appeal; and

///

///

4. The Clerk of Court is directed to serve a copy of this order on the parties and the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated: **February 6, 2019**         /s/ Errin P. Gross
                                    UNITED STATES MAGISTRATE JUDGE