UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON JESSIE BLACHER,<br><br>    Plaintiff,<br><br>    v.<br><br>S. JOHNSON,<br><br>    Defendant. | Case No. 1:12-cv-01159-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION REQUESTING TRANSCRIPTS AT GOVERNMENT EXPENSE<br><br>(ECF NO. 181) |

Marlon Blacher ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Both parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

On February 12, 2019, Plaintiff filed a motion requesting transcripts at government expense. (ECF No. 181). For the reasons described below, Plaintiff's motion will be denied.

---

[1] As Magistrate Judge Gary S. Austin noted, "[o]n July 30, 2012, Plaintiff filed a form consenting to the jurisdiction of a Magistrate Judge. (Doc. 5.) On October 15, 2013, Defendant Johnson filed a form consenting to the jurisdiction of a Magistrate Judge. (Doc. 26.) Subsequently, on October 30, 2013, Plaintiff filed a form declining the jurisdiction of a Magistrate Judge. (Doc. 27.) Plaintiff may not withdraw his consent in this manner. Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn only by the district court, and only 'for good cause shown on its own motion, or under extraordinary circumstances shown by any party.' Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) (quoting Fellman v. Fireman's Fund Ins. Co., 735 F.2d 55, 58 (2d Cir.1984)); 28 U.S.C. § 636(c)(6); Fed. R. Civ. P. 73(b). There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge. Dixon at 480. Plaintiff has not shown any extraordinary circumstances to justify withdrawal of his consent." (ECF No. 29, p. 1 n.1).

1

## I. PROCEDURAL HISTORY

On March 13, 2018, this case settled, and was subsequently dismissed and closed. (ECF Nos. 150, 151, & 153). Plaintiff later attempted to rescind the settlement contract, but his motion, as well as numerous other requests, were denied on December 10, 2018. (ECF No. 168).

On December 26, 2018, Plaintiff filed what the Court construed as a motion for reconsideration of the Court's order dated December 10, 2018. (ECF No. 170). On that same day, Plaintiff filed a petition that full disclosure of any remedy/relief available to the Plaintiff regarding order be rendered forthwith. (ECF No. 172). On January 2, 2019, Plaintiff filed another motion for reconsideration. (ECF No. 173).

On January 7, 2019, the Court denied these requests. (ECF No. 174). On January 22, 2019, Plaintiff appealed the January 7, 2019 order. (ECF No. 176).

On February 4, 2019, the Ninth Circuit Court of Appeals referred the matter back to this Court for the limited purpose of determining whether *in forma pauperis* status should continue for the appeal. (ECF No. 179). On February 6, 2019, the Court declared Plaintiff's appeal to be frivolous and found that Plaintiff is not entitled to proceed *in forma pauperis* on appeal. (ECF No. 180).

## II. LEGAL STANDARD FOR PREPARATION OF A TRANSCRIPT AT THE GOVERNMENT'S EXPENSE

28 U.S.C. § 1915(c) states that, "[u]pon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title.

Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts."

Section 1915(a) states:

(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

(2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Pursuant to 28 U.S.C. § 753(f), "[f]ees for transcripts furnished in [civil] proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." See also Maloney v. E. I. DuPont de Nemours & Co., 396 F.2d 939, 940 (D.C. Cir. 1967); Henderson v. United States, 734 F.2d 483, 484 (9th Cir. 1984). "A substantial question exists where the issue before the court of appeals is reasonably debatable." Tuggles v. City of Antioch, C08–01914JCS, 2010 WL 3955784 (N.D. Cal. Oct.8, 2010) (internal citations and quotations omitted); see also Randle v. Franklin, No. CV-08-00845-JAT, 2012 WL 201757, at *2 (E.D. Cal. Jan. 23, 2012).

### III. DISCUSSION

Plaintiff asks "that the transcripts taken re[:] this cause be issued at government expense for purpose of appeal to be heard before the united States Court of Appeals for the [N]inth [C]ircuit." (ECF No. 181, p. 1).

Plaintiff's motion will be denied. Plaintiff has not alleged that the Ninth Circuit Court of Appeals requires that a record on appeal be printed. Moreover, he does not allege that the transcripts he is requesting would be part of that record in any event. Plaintiff appears to request transcripts for every hearing that was held in this case. He does not specify any transcripts that he believes are relevant to his appeal. Thus, he is not entitled to transcripts at the government's expense under 28 U.S.C. § 1915(c).

Additionally, the Court has already found that Plaintiff's appeal is frivolous. (ECF No. 180). Thus, Plaintiff is not entitled to transcripts at the government's expense under 28 U.S.C. § 1915(c).

### IV.  ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion requesting transcripts at government expense is DENIED.

IT IS SO ORDERED.

Dated: __**February 13, 2019**__        /s/ _Erin P. Grosj___
                                                            UNITED STATES MAGISTRATE JUDGE