UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARLON JESSIE BLACHER,

    Plaintiff,

v.

S. JOHNSON,

    Defendant.

Case No. 1:12-cv-01159-EPG (PC)

ORDER DENYING MOTION TO ENFORCE SETTLEMENT AGREEMENT

(ECF No. 189)

        Marlon Blacher ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On March 13, 2018, this case settled. (ECF No. 150). On March 16, 2018, the case was closed. (ECF No. 153). Plaintiff later tried to rescind the settlement agreement, or alternatively, to enforce it. The Court issued an order denying Plaintiff's motions on December 10, 2018. (ECF No. 168). Plaintiff filed motions for reconsideration, which the Court denied on January 7, 2019 (ECF No. 174). Plaintiff appealed (ECF No. 176). The appeal was dismissed as frivolous on September 23, 2019. (ECF No. 187).

        On April 12, 2021, Plaintiff filed what the Court construes as another motion to enforce the settlement agreement. (ECF No. 189). Plaintiff asks that he be given the property he previously refused on May 4, 2018. (ECF No. 189, p. 2; ECF No. 191-1, p. 5). This motion is now before the Court.

        The Court denied Plaintiff's motions to rescind the settlement agreement, or

1

alternatively, to enforce it, on December 10, 2018, and denied his motion for reconsideration on January 7, 2019. His appeal was dismissed as frivolous on September 23, 2019, and the mandate issued on October 15, 2019. Now, approximately a year and a half later, Plaintiff asks the Court to enforce the settlement agreement to obtain the property he previously refused.

On April 15, 2021, Defendant filed a reply. (ECF No. 191). Defendant argues that the Court does not have jurisdiction over this action. Defendant also argues that he "did not fail to perform under the settlement agreement." (Id. at 1). "According to the settlement agreement, Defendant agreed to 'issue' Plaintiff a CD player, guitar, and fan, and 'make good faith efforts to secure an A/C power cord for the C.D. player.' (ECF No. 189 at 7.) CDCR also agreed to pay Plaintiff $7,500. (*Id.* at 6.) Plaintiff received the monetary compensation associated with this action on July 25, 2018. (Lee Decl., Ex. B.) And CDCR delivered the property required under the settlement agreement to Plaintiff on May 4, 2018, but Plaintiff refused performance of the injunctive relief terms; stating that he no longer wanted the items. (Lee Decl., Ex. A.) Thus, Defendant has not breached the terms of the settlement as alleged by Plaintiff."

The Court will deny Plaintiff's motion because it does not have jurisdiction to enforce the settlement agreement. "When a district court dismisses an action with prejudice pursuant to a settlement agreement, federal jurisdiction usually ends. Ordinarily, a dispute arising under a settlement agreement is a separate contract dispute requiring its own independent basis for jurisdiction." Kelly v. Wengler, 822 F.3d 1085, 1094 (9th Cir. 2016) (citations and internal quotation marks omitted). The Supreme Court has held that dismissal of a federal suit pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), as occurred in this case, divests the court of jurisdiction over a state law breach of contract action. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 380-82 (1994). Kokkonen further held that absent the Court embodying the settlement agreement or retaining jurisdiction over the settlement agreement in the dismissal order, enforcement of the settlement agreement is for state courts, absent "some independent basis for federal jurisdiction." Id. at 381-82.

Here, the Court did not retain jurisdiction over the settlement agreement or embody its terms in the dismissal order (see ECF No. 153), and there does not appear to be any

independent basis for federal jurisdiction. Accordingly, the Court does not have jurisdiction to enforce the settlement agreement in this action, and IT IS ORDERED that Plaintiff's motion (ECF No. 189) is DENIED.[1]

As this case settled over three years ago, and as the Court does not have jurisdiction to enforce the settlement agreement, no further motions from Plaintiff will be entertained in this case.

IT IS SO ORDERED.

Dated: **April 30, 2021**

/s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE

---

[1] Without deciding the issue, the Court also notes that Defendant made the monetary payment in the settlement agreement and also appears to have delivered the CD player, guitar, and fan as required under the settlement agreement. However, Plaintiff refused to take the items. Thus, it does not appear that Defendant failed to comply with the settlement agreement.